## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| COREY TANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 5:15-CV-9 (LJA) |
| | : | |
| JPMORGAN CHASE | : | |
| BANK USA, N.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Jonathan W. Birdt's Response to the Court's Order to Show Cause why he should not be sanctioned for the unauthorized practice of law and for violating Federal Rule of Civil Procedure 11(b). For the reasons that follow, the Court finds that Mr. Birdt has failed to show cause and that sanctions are warranted.

## BACKGROUND

Plaintiff Corey Tanner commenced the above-captioned matter on January 9, 2015, alleging violations of the Telephone Consumer Protection Act. (Doc. 1.) On March 18, 2015, the Court granted Plaintiff's Notice of Voluntary Dismissal. (Doc. 7.) Following the Court's Order, on May 12, 2015, non-party National Consumer Advocates, Inc. ("NCAI") served Plaintiff's attorney – but not Plaintiff – with a Notice of Lien (the "Notice"). (Doc. 8.) Prior to serving the Notice, however, NCAI had not participated in this action in any way; nor did any NCAI attorney file a notice of appearance on behalf of NCAI.[1]

The Notice stated "that NCAI asserts a lien on any recovery in this action pursuant to its' written agreement with Plaintiff in the amount of $16,825.44." (Doc. 8.) It did not, however, state the basis for asserting the lien or attach any agreement; nor did it contain a

---

[1] In fact, the Notice was facially deficient as it incorrectly identified "Navient Solutions, Inc." as the Defendant. (Doc. 8.)

legible signature or state the name, address, email address, or telephone number of the individual representing NCAI. Recognizing these deficiencies, Plaintiff moved to strike the Notice. (Doc. 9.) Like the Notice, NCAI's response to Plaintiff's Motion to Strike (the "Response") did not contain a legible signature or state the name, address, email address, or telephone number of the individual representing NCAI. (Doc. 10.) Instead, it simply contained an indecipherable signature, which appeared to be the same signature on the Notice and Response, indicating it was signed by "NCAI, Lien Claimant." (*Id.*)

On August 14, 2015, the Court granted Plaintiff's Motion to Strike, finding that NCAI failed to produce any judgment against Plaintiff or provide any authority under federal or Georgia law for filing a pre-judgment lien in this action. (Doc. 12.) The Court further found that the Notice of Lien violated Federal Rule of Civil Procedure 11(a) because it failed to include a legible signature, address, email address, or telephone number of the individual representing NCAI.[2] Therefore, the Court struck NCAI's Notice of Lien.

As of the date of the Court's order, five district courts had struck or otherwise dismissed similar liens filed by NCAI. On May 29, 2015, the United States District Court for the District of Colorado struck NCAI's notice of lien, finding that it violated Federal Rule of Civil Procedure 11(a). *Gehring v. Sallie Mae, Inc.*, No. 1:14-CV-490, Minute Order (Doc. 21), (D. Colo. May 29, 2015). On June, 2, 2015, the United States District Court for the Norther District of New York dismissed NCAI's notice of lien, finding that it failed to state a sufficient basis for asserting a lien and was not personally served on plaintiff. *DiSatasi. v. Navient Solutions, Inc.*, No. 1:15-CV-38, Text Order (Doc. 16), (N.D.N.Y. June 2, 2015). On June 3, 2015, the United States District Court for the Western District of Pennsylvania granted plaintiff's motion to strike without stating a reason and noting that the dismissal was with the consent of counsel of NCAI. *See Macey v. Sallie Mae, Inc.*, No. 2:14-CV-312, Order (Doc. 16), (W.D. Pa. June 3, 2015). On June 1, 2015, the United States District Court for the Northern District of Georgia granted plaintiff's motion to strike following NCAI's failure to respond to the motion. *See Sidders v. Elan Fin. Grp. LLC*, No. 1:14-CV-3094, Order (Doc.

---

[2] Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a).

37), (N.D. Ga. June 1, 2015). Likewise, on June 8, 2015, the United States District Court for the Central District of California granted plaintiff's motion to strike after NCAI failed to respond to the motion. *See Cleaves v. Sallie Mae, Inc.*, No. 8:14-CV-1029, Order (Doc. 22), (C.D. Cal. June 8, 2015). On November 6, 2015, the Western District of Pennsylvania granted the plaintiff's motion to strike, holding that it could not "discern any legal basis that supports NCAI's filing of the notice of lien in this case." *Swartzbeck v. Navient Solutions, Inc.*, No. 2:14-CV-746, Order (Doc. 15), (W.D. Pa. Nov. 2, 2015). Courts in the Southern District of Georgia and the District of Maryland have yet to rule on the plaintiffs' motions to strike similar liens filed by NCAI. *See Timmerman v. Navient Solutions, Inc.*, No. 1:14-CV-224 (S.D. Ga.); *Guardado v. Navient Solutions, Inc.*, No. 8:15-CV-955 (D. Ma.).

Here, as in the cases cited above, the individual signing on behalf of NCAI was not identified. This Court reviewed the exhibits in this matter and determined that Jonathan W. Birdt is the attorney who signed the Notice and Response on behalf of NCAI. Mr. Birdt is a California lawyer currently representing NCAI against the law firm of Plaintiff's counsel in a breach of contract action pending in the Superior Court of California. As an exhibit to the Response, Mr. Birdt attached the complaint filed in that action (the "California Complaint"). The California Complaint clearly lists Mr. Birdt as NCAI's attorney and bears Mr. Birdt's signature. The signature on the California Complaint (Doc. 10.4) and the signatures on the Notice (Doc. 8) and Response (Doc. 10) are the same. (*See also* Doc. 15.) Further review establishes that Mr. Birdt was the signatory on all three documents in this case, as well as on the numerous other liens NCAI filed across the country.

After concluding that Mr. Birdt was the signatory on the Notice and Response, the Court determined that Mr. Birdt had not filed a notice of appearance in this case and that, based on a "member search" on the website of the State Bar of Georgia, he was not licensed to practice law in this jurisdiction. As such, the Court ordered Mr. Birdt to show cause why he should not be sanctioned for the unauthorized practice of law. (Doc. 12.) In addition, because Mr. Birdt did not set forth any basis or cite any law for asserting a pre-judgment lien in this case, the Court ordered him to show cause why he should not be sanctioned under Rule 11(b). (*Id.*)

On October 19, 2015, Mr. Birdt responded to the Court's Order, stating that it was unclear why he was implicated in this matter other than the fact that he was the attorney of record in the California action. (*See* Doc. 15.) Mr. Birdt concedes that he is not admitted to practice law in Georgia and that he did not file a notice of appearance in this case. Nevertheless, Mr. Birdt maintains that he is "unaware of the basis" for the Court's Order. (*Id.* at 2.) Mr. Birdt made no attempt to explain why or how his signature came to be present on the Notice or the Response. Mr. Birdt also offered no authority to support the imposition of a prejudgment lien in this case. Lastly, although the Court provided Mr. Birdt with the opportunity to request a hearing, Mr. Birdt made no such request.

## DISCUSSION

### A.    Unauthorized Practice of Law

"Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (internal quotation marks omitted). "This means, among other things, 'that a federal court has the power to control admission to its bar and to discipline attorneys,'" *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). With this power, courts also have the ability to sanction conduct amounting to the unauthorized practice of law. *See United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) ("It follows logically that a federal court's power to regulate and discipline attorneys appearing before it extends to conduct by nonlawyers amounting to practicing law without a license."). Indeed, "considering the serious threat that the unauthorized practice of law poses both to the integrity of the legal profession and to the effective administration of justice, resort to the inherent powers . . . is an appropriate remedial measure." *Id.* Further, the Court's "'inherent power to sanction errant lawyers . . . 'can be invoked even if procedural rules exist which sanction the same conduct.'" *Thomas*, 293 F.3d at 1320 (quoting *Chambers*, 501 U.S. at 49).

"Due to the scope of the inherent powers vested in federal courts, however, it is necessary that such courts 'exercise caution in invoking [their] inherent power.'" *Id.* (quoting *Chambers*, 501 U.S. at 50). Thus, to impose sanctions against a lawyer pursuant to its inherent

powers, a court "must find that the lawyer's conduct 'constituted or was tantamount to bad faith.'" *Id.* (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 918 (11th Cir. 1982)). Bad faith exists where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order. *Thomas*, 293 F.3d at 1320.

Applying this framework, the Court finds that sanctions are warranted against Mr. Birdt for the unauthorized practice of law. As noted above, a simple comparison of Mr. Birdt's signature on the California Complaint and the signatures on the Notice and Response clearly demonstrates that Mr. Birdt signed all three documents. Although he contends that he is unaware of this case or any of the filings, he offers no explanation for why or how his signature is on the Notice or the Response. Instead, he simply states that he is not able to respond to "the motive or actions of NCAI in this action," implying that NCAI filed the documents directly. (Doc. 15 at 2.)

Contrary to Mr. Birdt's apparent argument that the Notice and Response were filed directly by NCAI, it "is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). "This rule reflects the ancient common law tradition that a corporation can only appear in court by an attorney." *PBS&J Constructors, Inc. v. I.L. Fleming, Inc.*, No. 11-CV-1785, 2015 WL 7779214, at *1 (N.D. Ga. Dec. 2, 2015) (quotations and citation omitted). Thus, NCAI could not file the Notice and Response, but instead was required to have an attorney do so on its behalf. Moreover, that Mr. Birdt omitted any self-identifying information from the filings does not mean that he was not engaged in the practice of law. To the contrary, by signing the Notice and Response, Mr. Birdt implicated himself in this matter and engaged in the practice of law in this jurisdiction. As Mr. Birdt concedes, he did not file a notice of appearance in this case and he is not authorized to practice law before this Court.

To practice law in this District, an attorney must be an active member in good standing of the State Bar of Georgia, M.D. Ga. L.R. 83.1.1(b), or be admitted *pro hac vice*, M.D. Ga. L.R. 83.1.2(c). Failure to seek *pro hac vice* admission is a violation of this Court's

Local Rules. Because Mr. Birdt is not admitted to practice law in Georgia and because he did not seek *pro hac vice* admission, he engaged in the unauthorized practice of law when he signed the Notice and Response. What is more, Mr. Birdt – a licensed attorney – blatantly violated Federal Rule of Civil Procedure 11(a) by omitting his address, email address, and telephone number from the Notice and Response. The question, then, is whether Mr. Birdt acted in bad faith.

In the Order to Show Cause, the Court emphasized that it was "troubled by the seemingly deceptive manner in which Mr. Birdt filed the Notice and Response – intentionally omitting any identifying information." (Doc. 12 at 4.) Despite the gravity of the Court's statement, Mr. Birdt made no attempt to explain how or why his signature came to be on the Notice and Response. Instead, he simply denied having any knowledge of this case. Notably, however, Mr. Birdt did not deny that the signatures on the Notice and Response were in fact his. Given that the signatures on the Notice and Response match the acknowledged signature of Mr. Birdt on the California Complaint and, in the absence of any denial of this fact or any explanation, the Court finds Mr. Birdt acted in bad faith and engaged in the unauthorized practice. Therefore, sanctions are warranted.

"Sanctions authorized under the court's inherent powers include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees, and outright dismissal of a lawsuit." *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (collecting cases). In fashioning the appropriate sanction, courts must exercise restraint and discretion. *Chambers*, 501 U.S. at 45. Recognizing this principle, the Court finds that the appropriate sanction under the Court's inherent powers is to require Mr. Birdt to pay the *pro hac vice* admission fee of $100, and to report Mr. Birdt to the appropriate bar associations. This sanction takes into account the seriousness of Mr. Birdt's conduct, while acknowledging that the various state bar associations are best suited to determine if additional sanctions are appropriate, considering the current posture of this case.

### B.     Rule 11 Violations

In addition to ordering Mr. Birdt to show cause why he should not be sanctioned for the unauthorized practice of law, the Court also ordered him to show cause why he should not be sanctioned for pursuing claims that were unwarranted by existing law in violation of Federal Rule of Civil Procedure 11(b). Rule 11(b) sanctions are appropriate when an attorney files a pleading, motion, or other paper that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (quotations and citation omitted). The "objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." *Baker,* 158 F.3d at 524 (citations omitted). The Eleventh Circuit employs a two-step inquiry when evaluating the propriety of Rule 11 sanctions: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.*

 The Notice sought to encumber $16,825.44 out of the amount Defendant agreed to pay Plaintiff in order to settle this matter. (Doc. 8.) The Notice cited no authority under federal or Georgia law for asserting the lien, but instead simply stated that the lien was being asserted pursuant to a "written agreement," which was not attached to the Notice. (Doc. 8.) Although the Response included the agreement, it failed to cite any authority or facts supporting the imposition of prejudgment lien in this action. (*See* Doc. 10.)

It is well-settled that "in all cases in federal court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.,* 14 F.3d 1507, 1521 (11th Cir. 1994). "In Georgia, prejudgment attachment is subject to the same conditions as postjudgment attachment in cases making demands in contract or in tort." *Id.* These conditions are found in O.C.G.A. § 18-3-1, which states:

> Attachments may issue when the debtor:
>
> (1) Resides out of the state;
> (2) Moves or is about to move his domicile outside the limits of the county;
> (3) Absconds;
> (4) Conceals himself;
> (5) Resists legal arrest; or
> (6) Is causing his property to be removed beyond the limits of the state."

O.C.G.A. § 18-3-1. Here, the Notice and Response failed to demonstrate any of the statutory grounds for the imposition of a prejudgment lien in this action. Thus, the claim for prejudgment attachment was obviously frivolous.

As to the second prong, Mr. Birdt knew or should have known that his claims were frivolous at the time the Notice was filed. The standard for making this determination is whether Mr. Birdt would have been aware that his claims were frivolous had he made a reasonable inquiry. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Id.* Considering Mr. Birdt's utter failure to cite any facts or law supporting the imposition of a prejudgment lien in this case, it is clear that he made no inquiry or investigation into the validity of such action and that he should have been aware that his claim was frivolous.

In addition to knowingly filing a frivolous claim, Mr. Birdt also failed in his duty of candor. "Every lawyer is an officer of the court and, as such, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." *Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1278 (S.D. Fla. 2010) (citing *Burns v. Windsor Insurance, Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (citing Fed. R. Civ. P. 11 advisory committee note); *see also Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) ("Rule 11 emphasizes an attorney's continuing obligation to make inquiries, and thus the rule allows sanctions when an attorney continues insisting upon a position after it is no longer tenable."). In light of the numerous other courts across the country that struck down similar liens signed by Mr. Birdt, Mr. Birdt should have known, as early as May 29,

2015, that his assertion of a lien was unwarranted by existing law and defective under the Federal Rules of Civil Procedure. Yet, Mr. Birdt never withdrew the Notice and, in fact, filed a response opposing Plaintiff's Motion to Strike on June 2, 2015. Mr. Birdt's unwavering insistence on the imposition of a lien in this action and complete failure to provide any authority or facts to support such a position not only demonstrates a lack of diligence in researching his client's case, but it also exhibits his lack of candor in failing to acknowledge the state of the law while pursuing claims in this Court. Accordingly, the Court finds that Mr. Birdt violated Rule 11(b).

Having determined Mr. Birdt violated Rule 11(b), the Court now turns to the question of the appropriate sanction. Under Rule 11, "the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion." *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987). "However, the court's discretion to impose sanctions is not unrestricted, in that the sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010) (quoting Fed. R. Civ. P. 11(c)(4)). "Sanctions may include, for example, nonmonetary directives, such as a reprimand or instruction to attend a legal education course, or an order to pay a fine to the court." *Homecare CRM, LLC v. Adam Grp., Inc. of Middle Tennessee*, 952 F. Supp. 2d 1373, 1385 (N.D. Ga. 2013) (citing Fed. R. Civ. P. 11(c)(4)). In determining the appropriate sanction, the Court considers the following factors: (1) whether Mr. Birdt's conduct was willful, or negligent; (2) whether the conduct was part of a pattern of activity, or an isolated event; (3) whether the conduct infected the entire pleading, or only one particular count or defense; (4) whether Mr. Birdt has engaged in similar conduct in other litigation; (5) whether the conduct was intended to injure; (6) what effect the conduct had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants. *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010).

Upon considering these factors, the Court finds that Mr. Birdt is trained in the law and that his conduct was willful, was part of a pattern of activity, and was a waste of the Court's and the Plaintiff's time and resources. As noted above, Mr. Birdt filed these frivolous liens in numerous actions across the country, and every court to consider the liens has dismissed them. As a licensed attorney, Mr. Birdt should have undertaken a more thorough analysis of his client's claims to determine the propriety of asserting a lien. Given the posture of the case, the Court finds that the appropriate sanction against Mr. Birdt is a $500 fine to be paid to the Court registry and an award of fees and costs to the Plaintiff. This sanction is appropriate under the circumstances and will serve as a sufficient deterrent for similar future conduct. *See Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987) ("Imposing a financial penalty often will be the most effective and fair means of enforcing Rule 11 and deterring baseless suits.").

## CONCLUSION

In light of the forgoing, the Court finds that sanctions are warranted against Mr. Birdt for the unauthorized practice of law and Rule 11(b) violations. Within **thirty (30) days** of the date of this Order, Mr. Birdt shall pay the *pro hac vice* admission fee of $100, as well as a fine of $500, to the registry of the Court. In addition, Mr. Birdt is **ORDERED** to reimburse Plaintiff for reasonable expenses and fees that he incurred in moving to strike the Notice. Mr. Birdt, Plaintiff and Plaintiff's counsel are **DIRECTED** to resolve this issue without the Court's involvement. However, if the Parties are unable to reach a resolution within **forty-five (45) days** of the date of this Order, Plaintiff shall file the appropriate motion and the Court will set a hearing to determine the amount of fees and costs. Lastly, this Order will be furnished to state bar associations where Mr. Birdt is licensed to practice, along with the State Bar of Georgia.

**SO ORDERED**, this 4th day of February, 2016.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**